UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR SCHIFF, Trustee of the
SCHIFF FAMILY TRUST and the
SCHIFF MARITAL TRUST,

                              CASE NO. 09-14031
       Plaintiff,             HON. LAWRENCE P. ZATKOFF

v.

INVESTORS NETWORK FUND, LLC,
A Michigan limited liability company,
BORROWERS NETWORK, LLC,
A Michigan limited liability company,
RANDALL SHAW, an individual, and
LORRIE GLASSFORD, and individual,

       Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 20, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff's motion for partial summary judgment [dkt 38]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's motion is DENIED.

## II. BACKGROUND

In the complaint, Plaintiff alleges that Defendants violated the Michigan Uniform Securities Act ("MUSA"), MCL 451.501 *et seq.*, by (1) selling unregistered securities; (2) failing to disclose the financial condition of the investments; and (3) falsely representing that the investments are exempt from registration. The complaint also states claims for fraud, breach of contract, conversion, unjust enrichment, equitable estoppel, promissory estoppel, breach of fiduciary obligation, innocent/negligent misrepresentation, and conspiracy.

According to Plaintiff, Defendant Investors Network Fund, LLC received $300,000 from Plaintiff in exchange for investments constituting securities, which were neither registered under MUSA nor exempt from registration. Plaintiff also seeks to hold Defendants Lorrie Glassford and Randall Shaw liable as "control persons" who materially aided in the sales to Plaintiff. Defendant Investors Network Fund, LLC has been dismissed from this case, and the proceedings against Defendant Borrowers Network, LLC have been stayed due to bankruptcy proceedings. Thus, Plaintiff's claims relate solely to Defendants Glassford and Shaw.

In its motion for partial summary judgment, Plaintiff asks the Court to resolve the following issues:

1. Whether Defendant Investors Fund Network, LLC received funds from Plaintiff;

2. Whether Plaintiff received certificates for the investments;

3. Whether the investments constitute securities;

4. Whether Defendant Investors Fund Network, LLC was a "seller of securities" under applicable federal and state laws;

5. Whether Plaintiff was a California resident when the investments were made;

6. Whether Defendant Investors Fund Network, LLC was a Michigan entity that issued

      securities in Michigan;

7.     Whether the securities were registered, or exempt from registration;

8.     Whether the sales of securities violated MUSA; and

9.     Whether Defendants Glassford and Shaw were control persons under MUSA.

### III. STANDARD OF REVIEW

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV. ANALYSIS

After reviewing Plaintiff's four-page brief in support of his motion, it is clear that Plaintiff has not satisfied his initial burden of showing that there is an absence of evidence to support Defendants' defenses. As an initial matter, the majority of the relief Plaintiff requests is inappropriate for summary judgment. Under Fed. R. Civ. P. 56(c), summary judgment may be granted as to claims or defenses, not an accumulation of factual determinations, such as whether Plaintiff was a resident of California or Plaintiff gave value to Defendants.

The only claims ascertainable from Plaintiff's briefing relate to (1) whether Defendants sold securities in violation of MUSA, and (2) whether Defendants Glassford and Shaw were "control persons" under MUSA. However, Plaintiff's arguments with respect to these claims are wholly conclusory and fail to point out that there is no genuine dispute as to these issues. The only evidence Plaintiff submits in support of his motion consists of the following: (1) an affidavit from Arthur Schiff, stating, *inter alia*, that he delivered checks to Defendant Glassford, who told Plaintiff the investments were paying 9% per year; (2) a check from Arthur Schiff for $200,000 payable to "Investors Network Fund"; (3) certificates Plaintiff received for the investments; (4) Defendant Investors Network Fund, LLC's operating agreement; and (5) Defendant Investors Network Fund, LLC's articles of organization.

Specifically, Plaintiff has failed to present evidence that the investments were not exempt from registration. According to Plaintiff, the certificates he received for his investments state "this certificate has been issued under the authority of exemptions provided by 3(a)(11) of the Securities Act of 1933 with respect to *intrastate* offers." It appears that Plaintiff is arguing that this purported exemption would not apply to Plaintiff, as a California resident, when Defendant Investors Network Fund, LLC is a Michigan entity, thus making the sales *interstate*. Upon independent review of the certificates, however, the Court was unable to find the clause identified by Plaintiff. Rather, the certificates each contain a clause stating: "*if* the securities represented by this certificate have been issued under the authority of the exemption provided by 3(a)(11) of the Securities Act of 1933 with respect to intrastate offers . . . ." (emphasis added).

Additionally, Plaintiff acknowledges that the complaint does not allege that Defendants Glassford and Shaw are "control persons" under MUSA, and the complaint does not contain a claim for control-person liability. Moreover, Arthur Schiff's statement that he delivered checks to Defendant Glassford, who told Plaintiff the investment was paying 9% per year, is insufficient to show that there is no genuine dispute regarding the involvement of Defendants Glassford and Shaw in the transactions at issue. For these reasons, Plaintiff has failed to meet his initial burden of demonstrating the absence of any genuine dispute as to a material fact.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment [dkt 38] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's filings fail to comply with E.D. Mich. L.R. 5.1(a)(2), (3) (dealing with format and type size for papers). If Plaintiff continues to file papers

without regard to the Local Rules, such filings will be stricken from the record, and the Court will impose sanctions accordingly.

    IT IS SO ORDERED.

                          S/Lawrence P. Zatkoff
                          LAWRENCE P. ZATKOFF
                          UNITED STATES DISTRICT JUDGE

Dated: June 20, 2011

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 20, 2011.

                          S/Marie E. Verlinde
                          Case Manager
                          (810) 984-3290